UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVID ALLEN VICKERS,

        Petitioner,                   Case No. 1:22-cv-807

v.                                            Honorable Robert J. Jonker

UNITED STATES OF AMERICA,

        Respondent.
_____/

## **OPINION**

This is a civil action brought by a federal prisoner. Petitioner is serving concurrent sentences following his conviction of two counts of transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2343, in the United States District Court for the Western District of New York. *United States v. Vickers*, 1:13-cr-128 (W.D.N.Y.). Petitioner is serving a sentence of 30 years for the first count and life imprisonment for the second count.

The cover letter for Petitioner's submission asks the Court to assist Petitioner in pressing a case of fraud, corruption, and bribery by ordering the Department of Justice to investigate Petitioner's allegations that those offenses—fraud, corruption, and bribery—were committed to his detriment in connection with his criminal prosecution in the United States District Court for the Western District of New York. (ECF No. 1, PageID.1.) But Petitioner's filing asks for much more than that. He contends that he is 100% innocent and wrongfully convicted. (ECF No. 1-1, PageID.9.) He asks to be exonerated. Nonetheless, because Petitioner asks the Court to order the Department of Justice to take certain action, the Court interprets Petitioner's submission as a petition for writ of mandamus.

A petition for writ of mandamus is a civil action filed by a prisoner seeking redress from a governmental officer or entity. *See Green v. Nottingham*, 90 F.3d 415, 417–18 (6th Cir. 1996). As such, the petition is subject to all the provisions of 28 U.S.C. § 1915A. That statute requires the Court to " review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a). Therefore, this Court must conduct a preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A.

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Petitioner's *pro se* pleading indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the mandamus petition because it is duplicative and, therefore, frivolous.

Petitioner's submission indicates that he has sent out more than 250 copies of his "petition" to entities and individuals, including many courts. (ECF No. 1-1, PageID.6.) The Court has discovered that, before Petitioner filed the documents in this Court, Petitioner filed the same documents in the United States District Court for the District of Arizona, *Vickers v. Colbert*, No. 4:22-cv-223 (D. Az) (ECF No. 1), and in his criminal case *United States v. Vickers*, 1:13-cr-128 (W.D.N.Y.) (Document 218).

"Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against

the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint, or in this case, the petition. *See, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the complete identity between the legal claims, factual allegations, temporal circumstances, and relief sought in the present petition and in Petitioner's earlier filed actions, pursuant to the Court's inherent power, this action is properly dismissed on the grounds that it is duplicative and frivolous.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss the petition as duplicative and frivolous, under 28 U.S.C. § 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28

3

U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Petitioner's claims are properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Petitioner appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Petitioner is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A judgment consistent with this opinion will be entered.

Dated: September 8, 2022          /s/ Robert J. Jonker
        Robert J. Jonker
        United States District Judge